IN THE UNITED STATES DISTRICT COURT 

FOR THE DISTRICT OF MONTANA, BILLINGS DIVISION

Clerk, U S District Court
District Of Montana
Billings

|  |  |
|---|---|
| W.V.G., a minor, by his father, guardian, and next friend, William V. Graham III,<br><br>Plaintiff,<br><br>vs.<br><br>BILLINGS CLINIC, a corporation, and MAUREEN C. LUCAS, MD,<br><br>Defendants. | Civil Action No. 17-1-BLG-TJC<br><br>**ORDER APPROVING SETTLEMENT OF MINOR'S CLAIMS** |

This matter came on for hearing before the Court on April 3, 2018, pursuant to Plaintiff's unopposed Amended Motion for Approval of Settlement of Minor's Claims (Doc. 43), with Larry G. Grubbs and Michael G. Eiselein appearing for the Plaintiff, together with William V. Graham III, father and next friend of the Plaintiff. The Court, having reviewed and considered the file herein and the information provided during the hearing, finds and orders as follows.

1. This action was commenced on January 4, 2017, by Plaintiff W.V.G., a minor, by his father, guardian, and next friend, William V. Graham III. Plaintiff claims that he suffered hypoxic-ischemic encephalopathy during the perinatal period as the result of medical negligence, resulting in serious neurological injuries. Liability was denied, and extensive litigation followed, including comprehensive written discovery, depositions, expert disclosures, motions and briefing.

2. A settlement conference was held February 12, 2018, resulting in the parties' agreeing to a compromise settlement of this action on terms detailed in their proposed Release and Settlement Agreement (including a confidentiality provision), which was filed under seal (Doc. 47) pursuant to this Court's Order Granting Motion to File Settlement Documents Under Seal (Doc. 49).

3. In accordance with the standards and guidance set out in *Robidoux v. Rosengren,* 638 F.3d 1177 (9th Cir. 2011) regarding proposed settlements of minors' claims, the Court has considered the proposed Statement of Distribution provided by Plaintiff's counsel at the hearing -- which shall be filed herein under seal -- which specifies the amounts of the proposed gross settlement proceeds, deductions for attorneys' fees/costs and a medical insurance lien claim, and the net recovery to W.V.G.; and, has further considered the amounts of settlements in similar cases in Montana and other states. Based thereon, the Court finds that the proposed net recovery to W.V.G. is well within the range of those in similar cases in Montana and elsewhere, and that the proposed settlement and distribution of proceeds is fair, reasonable, and in the best interests of W.V.G., and should be approved.

4. W.V.G. resides in Spokane, Washington, with his parents, who equally share his care and custody. Now 10 years of age, W.V.G. is expected to have a normal to near-normal life expectancy of approximately another 67 years. His neurological injuries, conditions and impairments will likely require ongoing

health care, therapies, assistance, and accommodations throughout his lifetime. In light of these circumstances, the Court finds that the best interests of W.V.G. would be served by the creation of the proposed Special Needs Trust submitted by the Plaintiff at the hearing, with U.S. Bank, Spokane, Washington, to serve as Trustee and manage and administer the net settlement proceeds for the benefit of W.V.G. in accordance with the trust terms and under the supervision of the Guardianship Monitoring Program of the Spokane County Superior Court. The Court finds that the best interests of W.V.G. will be served by creating the Trust in the form proposed and transferring the supervision and jurisdiction over the Trust to the Spokane County Superior Court as requested.

5. The Court has previously found that William V. Graham III, who is the minor child's father and has served as W.V.G.'s next friend throughout this action, is an appropriate person to serve as guardian *ad litem* for the purpose of executing settlement documents and otherwise completing the settlement, and has ordered that he be appointed to serve in that capacity, without bond. (Doc. 53.)

Based on the foregoing, IT IS ORDERED:

1. That the settlement and distribution of settlement proceeds per said Release and Settlement Agreement, and said Statement of Distribution, are hereby APPROVED;

2. That the proposed Release and Settlement Agreement and proposed Statement of Distribution presented to the Court at the hearing shall be filed herein

under seal;

3. That the proposed Special Needs Trust ("Care Trust") in the form presented at the hearing is hereby APPROVED and created by the Court, and a copy of same shall be filed herein under seal after it is fully executed;

5. That Plaintiff's counsel and the guardian *ad litem* shall, within 30 days, file a report as to the status of the settlement and distribution of proceeds.

DATED this 6th day of April, 2018.

TIMOTHY J. CAVAN
United States Magistrate Judge